IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| DEREK N. JARVIS, et al. | * |
| Plaintiffs | * |
| v. | * |
| | * Civil No.: PJM 09-280 |
| GRADY MANAGEMENT, INC., et al. | * |
| Defendants | * |

**MEMORANDUM OPINION**

*Pro se* Plaintiffs Derek N. Jarvis and Shirley J. Pittman have filed a 22-count Amended Complaint against their apartment complex management companies, Grady Management, Inc., Duffie, Inc., and April Lane Joint Ventures ("Landlord Defendants"), as well as Montgomery County, Montgomery County Executive Isiah Leggett, the Montgomery County Attorney's Office, and the Montgomery County Housing and Community Affairs Office ("Montgomery County Defendants"). Plaintiffs appear to allege that Defendants committed racially motivated and retaliatory acts against them in violation of the Civil Rights Act, the Fair Housing Act, and the Maryland Code, among other statutory and constitutional provisions.[1] In response, Montgomery County Defendants have filed a Motion to Dismiss Plaintiffs' Amended Complaint [Paper No. 45].

This Court has twice admonished Plaintiffs that, under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the

---

[1] Although the allegations in their Complaint and Amended Complaint are far from clear, it appears as if Plaintiffs are attempting to recover damages from Landlord Defendants for actions that culminated in a notice to vacate issued by Grady Management, Inc. in January 2007. Plaintiffs also appear to assert claims against Montgomery County Defendants for perceived wrongdoing during the resolution of claims Plaintiffs filed with the County related to their dispute with Landlord Defendants.

pleader is entitled to relief," and has twice directed Plaintiffs to file a supplement to their Complaint containing such a "short and plain statement," as well as the approximate dates associated with any alleged wrongdoing. Plaintiffs have now twice failed to comply with the Court's directives, despite the Court's repeated warnings that failure to comply would risk dismissal of their Amended Complaint.

For the reasons stated below, Montgomery County Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [Paper No. 45] is **GRANTED**, Plaintiffs' Motion to Vacate the Court's May 24 Order Denying Plaintiffs' Motion for Leave to Appeal *in Forma Pauperis* [Paper No. 68] is **DENIED**, and the Amended Complaint in this matter is **DISMISSED**.

**I.**

Plaintiffs originally filed their Complaint in the Circuit Court for Montgomery County, Maryland. The case was removed to this Court on February 6, 2009. Shortly thereafter, Landlord Defendants and Montgomery County Defendants filed two separate Motions for More Definite Statement [Paper Nos. 13 and 15], in which they argued that Plaintiffs' Complaint contained no short and plain statement of the facts, lacked specificity as to the dates of any alleged wrongdoing, and failed to indicate which claims applied against which Defendants.[2] In an Order dated April 6, 2009, the Court granted both Motions for More Definite Statement and directed Plaintiffs to "file within twenty (20) days a supplement to the Complaint which contains a short statement of the facts supporting their Complaint, along with the approximate dates associated with any alleged wrongdoing." April 6, 2009 Memorandum Order [Paper No. 29]. In addition,

---

[2] For instance, Count XI of the original Complaint reads, in its entirety, as follows: "Title 18 U.S.C. 245 makes it unlawful to willingly injure intimidate or interfere with any person, or to attempt to do so by force or threat of force, because of that person(s) [sic] race, color, religion or national origin and because of his/her activity as one of the following: A participant in a benefit, service, privilege, program, facility or administered [sic] by a state or local government." Nowhere does Count XI indicate the facts underlying the allegation, the Defendants against whom it applies, or the dates associated with the alleged wrongdoing.

the Court's Order plainly warned Plaintiffs "that failure to file such a statement within the appropriate time period may result in dismissal of their Complaint."[3] *Id.*

On April 24, 2009, Plaintiffs filed their Amended Complaint.[4] The Amended Complaint, however, was not markedly different than the first, in that it failed to lay out a short and plain statement of the facts, failed to effectively identify which claims applied against which Defendants,[5] and failed to identify the approximate dates associated with any alleged wrongdoing. Landlord Defendants filed yet another Motion for More Definite Statement [Paper No. 46], which the Court granted in an Order dated March 31, 2010. *See* March 31, 2010 Memorandum Order [Paper No. 60]. In that Order, the Court directed Plaintiffs to file within 20 days a supplement to their Amended Complaint, and once again plainly warned them that "if they again fail to comply with Federal Rule of Civil Procedure 8(a)(2) they risk dismissal of their Amended Complaint."[6] *Id.* Since that time, Plaintiffs have not filed a supplement to their

---

[3] Plaintiffs appealed the Court's April 6, 2009 decision to the Fourth Circuit. After concluding that the order Plaintiffs sought to appeal was neither a final order nor an appealable interlocutory or collateral order, the Fourth Circuit dismissed the appeal for lack of jurisdiction. *See Jarvis v. Grady Mgmt., Inc.*, 334 F. App'x 559, 559 (4th Cir. 2009).

[4] A few days before they filed their Amended Complaint, Plaintiffs filed a Motion for Recusal and/or Disqualification of Judge Peter J. Messitte [Paper No. 39], in which they argued as follows: "[T]he . . . Judge is biased and prejudiced against the Plaintiff's [sic] as evidenced in his Order(s) and the fact that Judge Messitte allowed two (2) months to go by before the Plaintiff's [sic] complaint . . . was displayed on public [sic] accessible computer databases . . . and for the further reasons that Judge Messitte appears to have a monopoly on several cases against Defendant(s) Montgomery County, Maryland." The Court denied the Motion. *See* July 7, 2009 Memorandum Order [Paper No. 43].

[5] Although the Amended Complaint does a better job, as compared to the original Complaint, of articulating which claims apply against the County generally and which apply against Grady Management, Inc., it does not sufficiently articulate where Plaintiffs' allegations apply against the other Landlord Defendants, nor does it articulate where the allegations specifically apply against the County Executive, the County Attorney's Office, or the County Housing and Community Affairs Office.

[6] Plaintiffs also appealed the Court's March 31, 2010 decision to the Fourth Circuit. Once again, the Fourth Circuit issued an opinion dismissing the appeal for lack of jurisdiction. *See Jarvis v. Grady Mgmt., Inc.*, No. 10-1451, 2010 U.S. App. LEXIS 18396, at *1-2 (4th Cir. Aug. 31, 2010). Subsequently, however, the appellate court stayed its mandate as to that ruling pursuant to Fed. R. App. P. 41(d)(1) because Plaintiffs filed a petition for a rehearing *en banc*. *See* September 10, 2010 Fourth Circuit Stay of Mandate [Paper No. 73]. On October 5, 2010, the Fourth Circuit denied Plaintiffs' petition for a rehearing. *See* October 5, 2010 Fourth Circuit Order [Paper No. 75]. In its August 31, 2010 ruling, the Fourth Circuit also denied Plaintiffs' "petition for writ of mandamus seeking this court

Amended Complaint, nor have they otherwise made any effort to comply with the Court's directives.

During the pendency of these events, Montgomery County Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint [Paper No. 45]. In that Motion, Montgomery County Defendants note that the Amended Complaint still fails to comply with Rule 8(a)(2), contains no "short, plain statement of facts," and, "like [the] original Complaint, simply lists one impermissible legal conclusion after another and contains formulaic recitations." Also before the Court is Plaintiffs' Motion to Vacate the Court's May 24 Order Denying Plaintiffs' Motion for Leave to Appeal *in Forma Pauperis* [Paper No. 68], in which Plaintiffs take issue with the Court's May 24, 2010 Order [Paper No. 67] denying their request to proceed *in forma pauperis* with respect to their appeal of the Court's March 31, 2010 Order.

**II.**

As noted *supra*, under Federal Rule of Civil Procedure 8(a)(2), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, pursuant to Rule 8(d)(1), each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where a plaintiff persists in failing to comply with Rule 8, it may be within the appropriate discretion of the district court to dismiss the case. *See North Carolina v. McGuirt*, 114 F. App'x 555, 559 (4th Cir. 2004); *Smith v. Int'l Longshoremen's Ass'n*, 592 F.2d 225, 226 (4th Cir. 1979).

Under Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) may be invoked on motion of a defendant, or by the Court *sua sponte*. *Link v.*

---

to compel the district court judge to recuse himself from their proceeding below." *Jarvis*, 2010 U.S. App. LEXIS 18396, at *2.

*Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962) (holding that a district court has the authority to invoke Rule 41(b) on its own initiative).

### III.

On two separate occasions, once on April 6, 2009, and again on March 31, 2010, the Court provided Plaintiffs with ample opportunity to supplement their Complaint to bring it into compliance with the dictates of Rule 8(a)(2). On both occasions, Plaintiffs failed to comply. Plaintiffs have now had more than 17 months since the Court's initial admonition and warning that their case was subject to dismissal to demonstrate their compliance. As of today, Plaintiffs have yet to produce a Complaint that states its claims "clearly enough for the defendants to know how to defend themselves." *McGuirt*, 114 F. App'x at 558. Under these circumstances, and in the absence of any showing of good cause for Plaintiffs' failure to comply with the Court's directives, the Court concludes that dismissal of Plaintiffs' lawsuit, pursuant to Rule 41(b), is appropriate.

Plaintiffs obviously feel that one, some, or all Defendants are responsible for certain adverse actions that Plaintiffs have suffered. Whether any Defendant is legally liable for any action vis-à-vis Plaintiffs remains to be seen. But Plaintiffs are in no way excused from pleading cognizable causes of action against Defendants, nor are they excused from pleading their claims with sufficient specificity so that Defendants may know precisely why they are being sued and interpose any appropriate defenses that might be available to them. Plaintiffs' umbrage does not entitle them to any presumption of the correctness of their claims, laced as they are with extreme aspersions against Defendants. Nor does Plaintiffs' anger justify their challenges to the impartiality of the Court, merely because the Court issues rulings with which Plaintiffs apparently do not agree.

Finally, the Court finds no merit in Plaintiffs' contention that the Court should vacate its May 24 Order denying Plaintiffs' Motion for Leave to Appeal *in Forma Pauperis*. The Court reaffirms that decision at this time.

## IV.

For the foregoing reasons, Montgomery County Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [Paper No. 45] is **GRANTED**, Plaintiffs' Motion to Vacate the Court's May 24 Order Denying Plaintiffs' Motion for Leave to Appeal *in Forma Pauperis* [Paper No. 68] is **DENIED**, and the Amended Complaint in this matter is **DISMISSED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**October 6, 2010**